1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SHIRLEY DUNCAN,                              No.  2:21-CV-1106-JAM-DMC

12                   Plaintiff,

13        v.                                      <u>ORDER</u>

14   PRIMERICA LIFE INSURANCE
     COMPANY.,
15
                     Defendant.
16

17

18            Plaintiff, who is proceeding with retained counsel, brings this civil action.

19   Pending before the Court is Defendant's motion to compel.  <u>See</u> ECF No. 15.  Defendant's

20   motion is supported by the declaration of its counsel, Ophir Johna, Esq., and attached Exhibits A

21   through J, filed concurrently with the notice of motion.  <u>See</u> ECF No. 15-1.  The parties have filed

22   a joint statement regarding the discovery dispute.  <u>See</u> ECF No. 17.  The parties appeared for a

23   hearing before the undersigned in Redding, California, on March 9, 2022.  Daniel Glass, Esq.,

24   appeared for Plaintiff.  Ophir Johna, Esq., appeared for Defendant.  Upon consideration of the

25   parties' briefs and arguments, the Court issues the following order.

26   / / /

27   / / /

28   / / /

# I. BACKGROUND

This action proceeds on Plaintiff's original complaint.  See ECF No. 1.  Plaintiff alleges that her late husband, Larry Duncan, was insured under a life insurance policy issued by Defendant.  See id. at 2.  Plaintiff states that the policy was purchased in 1995 and that all premium payments were made through August 2020.  See id.  According to Plaintiff, the face value of the policy is $300,000.00.  See id.  Plaintiff states that her husband developed a terminal illness in August 2020 and passed away on December 20, 2020, and that shortly thereafter Plaintiff made a claim for face value of the policy as the sole beneficiary.  See id. at 2-3. Defendant denied Plaintiff's claim on February 10, 2021, asserting that the policy had lapsed. See id.  Plaintiff alleges breach of contract related to terminal illness benefits (First Claim), breach of contract related to death benefits (Second Claim), and breach of the duty of good faith and fair dealing (Third Claim).  See id. at 4-8.  Plaintiff seeks damages for failure to provide benefits, damages for mental and emotional distress, punitive damages, and attorney's fees.  See id. at 8.

Defendant has filed an answer to the complaint.  See ECF No. 7.  On September 2, 2021, the District Judge issued a pre-trial scheduling order.  See ECF No. 11.  Under this order, all discovery closes on September 26, 2022.  See id.  The instant motion to compel is timely.

# II. DISCUSSION

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery

2

1    need not be admissible in evidence to be discoverable.

2    Fed. R. Civ. P. 26(b)(1).

3    Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

4    may move for an order compelling an answer, designation, production, or inspection." Fed. R.

5    Civ. P. 37(a)(3)(B). The Court may order a party to provide further responses to an "evasive or

6    incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad

7    discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

8    Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.

9    Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

10    The party moving to compel bears the burden of informing the court (1) which

11    discovery requests are the subject of the motion to compel, (2) which of the responses are

12    disputed, (3) why the party believes the response is deficient, (4) why any objections are not

13    justified, and (5) why the information sought through discovery is relevant to the prosecution of

14    this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016

15    WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC,

16    2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

17    "Relevance for purposes of discovery is defined very broadly." Garneau v. City of

18    Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden

19    of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter,

20    the party opposing discovery has the burden of showing that the discovery should be prohibited,

21    and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No.

22    07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14,

23    2009) (internal citation omitted).

24    ///

25    ///

26    ///

27    ///

28    ///

3

1     At issue are Plaintiff's responses to Defendant's requests for production of

2 documents, set one, nos. 31, 32, 35, 36, and 48 through 65.  See ECF No. 15 (notice of motion).

3 The disputed discovery can be grouped into the following three categories:

4     Requests Related to Plaintiff's Contentions (Nos. 31 and 32).

5     Requests Related to Attorney's Fees (Nos. 35 and 36).

6     Requests Related to Emotional Distress Damages (Nos. 48-65).

7     **A.     Requests Related to Plaintiff's Contentions**

8     In request nos. 31 and 32, Defendant seeks documents supporting Plaintiff's

9 contentions at paragraph 22 of the complaint.  These requests and Plaintiff's objections – which

10 are the same for both – are set forth in the parties' joint statement and are not reproduced here.

11     Plaintiff's objections are overruled.  As Defendant notes, these requests seek

12 production of documents supporting Plaintiff's contentions in paragraph 22 of the complaint.  A

13 discovery request is not objectionable merely because it relates to the application of facts to the

14 law.  See O'Connor v. Boeing North American, Inc., 185 F.R.D. 272, 280-81 (C.D. Cal. 1999).

15 Plaintiff contends that responsive documents do not exist.  See ECF No. 17, pg. 20.  If that is the

16 case, Plaintiff shall so state in further responses to request nos. 31 and 32.

17     Defendant's motion to compel will be granted as to request nos. 31 and 32.

18     **B.     Requests Related to Attorney's Fees**

19     In request nos. 35 and 36, Defendant seeks documents related to Plaintiff's fee

20 agreement with counsel as well as counsel's timesheets and invoices related to Plaintiff's

21 representation.  These requests and Plaintiff's objections – which are the same for both – are set

22 forth in the parties' joint statement and are not reproduced here.

23     In this case, Plaintiff seeks attorney's fees under Brandt v. Superior Court, 37 Cal.

24 3d 813 (1985), which allows attorney's fees as tort damages in an insurance bad faith case.  Such

25 damages "may not exceed the amount attributable to the attorney's efforts to obtain the rejected

26 payment due on the insurance contract."  Id. at 817.  "Fees attributable to any portion of the

27 plaintiff's award which exceeds the amount due under the policy are not recoverable."  Id.  Thus,

28 in a mixed cases such as the current action, where both breach of contract and bad faith are

1   alleged, Brandt requires apportionment of attorney's fees.  See Cassim v. Allstate Ins. Co., 33

2   Cal. 4th 780, 808-10 (2004).  A plaintiff cannot at the same time seek attorney's fees under

3   Brandt as a tort damage and also claim attorney-client privilege because, by putting fees at issue,

4   any privilege is waived.  See Concept Enters. V. Hartford Ins. Co., 2001 WL 34050685, at *8

5   (C.D. Cal. 2001).

6          At the outset, the Court is not persuaded by Plaintiff's contention that disclosure of

7   the requested information is unnecessary because a judge, not a jury, will decide the attorney's

8   fees question.  While the parties may stipulate to a Brandt fees determination by a judge, absent

9   such a stipulation, the issue must be decided by the trier of fact.  See Brandt, 37 Cal. 3d at 819.

10         Turning to request no. 35, which seeks Plaintiff's fee agreement, Plaintiff's

11  counsel has offered to produce a redacted document in response to this request.  Defendant's

12  motion to compel will, therefore, be granted as to request no. 35 and counsel will be directed to

13  provide a redacted fee agreement.

14         Turning to request no. 36, Plaintiff's contentions are contradictory.  In the joint

15  statement, Plaintiff contends that disclosure of attorney timesheets – which the Court finds would

16  be relevant to a determination of damages under Brandt – necessarily reveals privileged attorney-

17  client and work product information.  At the hearing, Plaintiff's counsel flatly refused to do so,

18  even at the peril of defying this Court's order.  Later in the hearing, however, Plaintiff's counsel

19  stated that no responsive documents existed because he works under a contingency-fee agreement

20  in this case and does not maintain records of his time.

21         Defendant is entitled to some clarification.  Defendant's motion to compel will be

22  granted as to request no. 36 and Plaintiff will be directed to file a further response.  If Plaintiff

23  indicates that no responsive documents exist because counsel works under a contingency-fee

24  agreement for this case and, as such, does not maintain time records, that will resolve the issue.

25  To the extent it is later discovered that counsel does in fact maintain time records, such revelation

26  could seriously undermine Plaintiff's claim for attorney's fees damages under Brandt.

27  / / /

28  / / /

5

1    To the extent documents in response to request no. 36 do currently exist because

2   Plaintiff's counsel is working under something other than a contingency-fee agreement and is

3   maintaining time records for his representation, as is suggested by the contention in the joint

4   statement, Plaintiff will be ordered to produce responsive documents at the time of the pre-trial

5   conference in this matter, thus allowing Defendant an opportunity to prepare a defense to any

6   claim for <u>Brandt</u> damages.  The Court is mindful of the implications to the attorney-client and

7   work product privileges inherent in asking a party to disclose to one's adversary what amounts to

8   the detailed thoughts and strategy of counsel.  At the same time, the Court agrees with Defendant

9   that Plaintiff herself has necessitated the request by seeking attorney's fees under <u>Brandt</u>.  The

10  Court will balance these competing concerns by delaying the disclosure of any timesheets or

11  similar documents related to Plaintiff's counsel's representation.

12         **C.       Requests Related to Emotional Distress Damages**

13    In request nos. 48 through 52, Defendant seeks documents supporting Plaintiff's

14  response to Defendant's interrogatory no. 23.  In request nos. 53 through 58, Defendant seeks

15  documents related to Plaintiff's personal finances.  In request nos. 59-65, Defendant seeks

16  documents related to Plaintiff's tax returns.  These requests and Plaintiff's responses are set forth

17  in the parties' joint statement and are not reproduced here.

18    The genesis of these discovery requests is Plaintiff's claim for emotional distress

19  damages, specifically financial emotional distress as revealed in her response to Defendant's

20  interrogatory no. 23.  While the parties do not provide interrogatory no. 23 or Plaintiff's response

21  thereto, Defendant states in the joint statement that "Plaintiff's interrogatory responses show that

22  her emotional distress claim focuses heavily on the contentions that Plaintiff 'completely relied'

23  on the Primerica policy benefit that is the subject of this action to pay her living expenses in the

24  event of Mr. Duncan's death, that her income consists solely of her social security payments and

25  temporary 'additional living expenses' benefits, and that once her 'additional living expenses'

26  cease she will be 'unable to pay her expenses,' resulting in 'significant emotional and financial

27  stress' for which she should be compensated with a 'significant' award of emotional distress

28  damages."  ECF No. 17, pgs. 37-38.

1    To the extent Plaintiff claims emotional distress damages as a result of financial

2  hardship, Defendant's motion to compel will be granted because "the emotional effect of non-

3  payment of benefits vastly differs depending on the net worth of the individual."  Brunsvick v.

4  Hartford Life & Acc. Ins. Co., 2011 WL 5838221, at *2 (E.D. Cal. 2011).   In Valdez v.

5  Traveler's Indem. Co. of Conn., the court concluded that "the full picture of [plaintiff's] financial

6  situation may reveal information relevant to Defendants' defenses against the [emotional distress]

7  claim."  2013 WL 3989583, at *4 (N.D. Cal. 2013).

8    At the hearing, Plaintiff's counsel argued that allowing the requested discovery

9  would, in essence, mean that a wealthy person, who could never establish financial emotional

10  distress, would never be allowed to pursue such a claim.  The Court is not persuaded by this

11  argument.  The discovery requested relates to the measure of any financial emotional distress, not

12  Defendant's liability.  In any event, even Jeff Bezos is free to claim financial emotional distress.

13  Nothing in the Court's ruling here would prevent him from doing so.  Whether he can prove

14  measurable financial emotion distress damages, however, is the question addressed in this motion.

15  If Plaintiff insists on pursuing a claim for financial emotional distress, Defendant is entitled to

16  explore the measure of her alleged damages.

17    Plaintiff's objections to request nos. 48 through 65 are overruled.  Defendant's

18  motion to compel will be granted as to these requests.  Any responsive documents shall be

19  produced pursuant to a stipulated protective order which the parties will be directed to submit to

20  the Court for approval.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

7

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      Defendant's motion to compel, ECF No. 15, is granted;

2.      The parties shall submit to the Court a stipulated protective order for financial documents within 15 days of the date of this order; and

3.      Plaintiff shall serve further responses to Defendant's requests for production, set one, request nos. 31, 32, 35, 36, and 48 through 65, along with responsive documents, within 30 days of the date of this order, except as to any documents in response to request no. 36, which shall be disclosed at a later stage in the proceedings.

Dated:  March 23, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE