1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SHIRLEY DUNCAN,                          No.  2:21-CV-1106-JAM-DMC

12                Plaintiff,

13        v.                                  <u>ORDER</u>

14   PRIMERICA LIFE INSURANCE
     COMPANY.,
15
                  Defendant.
16

17

18            Plaintiff, who is proceeding with retained counsel, brings this civil action.

19   Pending before the Court are: (1) Plaintiff's motion to compel the depositions of Primerica

20   employees, ECF No. 23; and (2) Defendant's motion for a protective order to preclude the

21   depositions of Primerica employees sought by Plaintiff, ECF No. 25.  The parties have filed a

22   single joint statement regarding the two related discovery disputes.  <u>See</u> ECF No. 27.  The parties

23   appeared before the undersigned for a hearing on both motions in Redding, California, on May

24   25, 2022, at 11:00 a.m.  Upon consideration of the arguments offered by counsel, the matters

25   were submitted.

26   / / /

27   / / /

28   / / /

1

## I. BACKGROUND

2      This action proceeds on Plaintiff's original complaint.  See ECF No. 1.  Plaintiff

3   alleges that her late husband, Larry Duncan, was insured under a life insurance policy issued by

4   Defendant.  See id. at 2.  Plaintiff states that the policy was purchased in 1995 and that all

5   premium payments were made through August 2020.  See id.  According to Plaintiff, the face

6   value of the policy is $300,000.00.  See id.  Plaintiff states that her husband developed a terminal

7   illness in August 2020 and passed away on December 20, 2020, and that shortly thereafter

8   Plaintiff made a claim for the face value of the policy as the sole beneficiary.  See id. at 2-3.

9   Defendant denied Plaintiff's claim on February 10, 2021, asserting that the policy had lapsed.

10  See id.  Plaintiff alleges breach of contract related to terminal illness benefits (First Claim),

11  breach of contract related to death benefits (Second Claim), and breach of the duty of good faith

12  and fair dealing (Third Claim).  See id. at 4-8.  Plaintiff seeks damages for failure to provide

13  benefits, punitive damages, and attorney's fees.  See id. at 8.

14      Defendant has filed an answer to the complaint.  See ECF No. 7.  On September 2,

15  2021, the District Judge issued a pre-trial scheduling order.  See ECF No. 11.  Under this order,

16  all discovery closes on September 26, 2022.  See id.  The instant motions are, therefore, timely.

17      The case was before the Court for hearing on March 9, 2022, on Defendant's

18  motion to compel further responses to written discovery.  The Court granted Defendant's motion

19  on March 23, 2022, and ordered Plaintiff to provide further responses and produce documents.

20  See ECF No. 19.  To avoid producing documents related to her financial records, the parties

21  entered into a stipulation whereby Plaintiff abandoned her claim for financial emotional distress

22  and Defendant withdrew its discovery requests related to Plaintiff's financial records.  See ECF

23  No. 21.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

<strong>II. DISCUSSION</strong>

2          In her motion, Plaintiff seeks an order compelling four Primerica employees –

3  Stacey Geer, Valerie Usher, Cheryl Talbert, and Cheree Valego – to appear for their depositions.

4  In its motion, Defendant seeks a protective order precluding these depositions, as well as an

5  award of reasonable fees under Federal Rule of Civil Procedure 37(a)(5).[1]  Plaintiff's position is

6  that Defendant cannot resist a properly noticed deposition because Rule 30(a)(1) allows a party to

7  depose any person, including a party, without leave of court, subject to a limit of ten depositions –

8  which is not being exceeded with the four depositions at issue – and other exceptions under Rule

9  30(a)(2) which are inapplicable here.  See ECF No. 27, pg. 21.  Defendant contends that good

10  cause exists for issuance of a protective order under Rule 26(c)(1) as to each of the depositions at

11  issue.  See id.  Defendant further contends that it is entitled to an award of reasonable expenses

12  under Rule 37(a)(5).  See id. at 22.

13          **A.       Plaintiff's Motion to Compel**

14          Plaintiff's motion is premature and will be denied as such.  Under Rule 37(a)(3), a

15  party may move to compel when a "deponent fails to answer a question. . . ."  Fed. R. Civ. P.

16  37(a)(3)(B)(i).  On April 22, 2022, Plaintiff served a notice of deposition setting the following

17  schedule for the four depositions at issue:

18          Ms. Geer                    June 3, 2022, at 11:00 a.m., in Duluth, Georgia.

19          Ms. Usher                   June 3, 2022, at 2:00 p.m., in Duluth, Georgia.

20          Ms. Talbert                 June 6, 2022, at 9:00 a.m., in Duluth, Georgia.

21          Ms. Valego                  June 6, 2022, at 11:00 a.m., in Duluth, Georgia.

22          See ECF No. 24-1, pgs. 83-88 (Exhibit S to Glass declaration).

23  None of the depositions has been taken and no witness has failed to answer a question at a

24  deposition.  Thus, Plaintiff has not demonstrated any basis under Rule 37 to "compel" deposition

25  testimony.

26  / / /

27

---

28          [1]       All further rule references are to the Federal Rules of Civil Procedure.

3

1    Defendant notes that the depositions of its Rule 30(b)(6) persons most

2  knowledgeable have been noticed, with depositions scheduled for the beginning of June 2022 at

3  Defendant's corporate headquarters.  This point is well-taken.  The Rule 30(b)(6) depositions will

4  provide Plaintiff a full and fair opportunity to explore the involvement of the four other corporate

5  witnesses now at issue.  If the persons most knowledgeable testify – as Defendant defendant's

6  counsel represented at the hearing –  that the witnesses at issue have no relevant knowledge

7  relating to the handling of Plaintiff's husband's policy or the denial of Plaintiff's claim,

8  Defendant's designated persons most knowledgeable will be on record and there will be no need

9  to take the depositions Plaintiff currently seeks to take.  If, however, the persons most knowledge

10  indicate that any of the four Primerica employees currently at issue – Stacey Geer, Valerie Usher,

11  Cheryl Talbert, and Cheree Valego – were involved in the decision-making process in any

12  substantive way, Plaintiff would then be entitled to notice their depositions and move to compel

13  under Rule 37(a)(3) if any such witness fails to appear or does appear but refuses to answer

14  questions.

15    **B.      Defendant's Motion for a Protective Order**

16    Defendant seeks a protective order under Rule 26(c).  The Court may issue a

17  protective order in favor of a party from whom discovery is sought in order to protect that party

18  from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P.

19  26(c)(1).  Defendant contends good cause exits for a protective order as to each of the four

20  depositions at issue based on undue burden.

21    1.      Stacey Geer

22    The parties' contentions relating to Ms. Geer are set forth in the joint statement at

23  pages 22-27.  See ECF No. 27.  Plaintiff seeks to depose Ms. Geer because, as the corporate

24  Secretary for Primerica, her signature appears on various letters relating to Plaintiff's husband's

25  policy.  Defendant contends that the letters are merely form letters which are required to bear the

26  signature of the corporate Secretary and that Ms. Geer has no knowledge of the particulars of

27  Plaintiff's husband's policy.  Ms. Geer has signed a declaration to this effect.  See ECF No. 28-1.

28  Defendant argues that a protective order is appropriate because allowing Ms. Geer's deposition

4

1    under these circumstances would result in an undue consumption of Ms. Geer's time for her

2    deposition in this case, and subject Ms. Geer to potentially endless depositions in civil litigation

3    arising from claims handling of any number of millions of policies issued by Primerica.

4            At the hearing, Plaintiff's counsel argued that Plaintiff is entitled to ask Ms. Geer

5    why her name appears on letters directed to Mr. Duncan.  According to Plaintiff's counsel, the

6    jury is entitled to know if Ms. Geer signed millions of letters but knew nothing about their

7    contents.  Defendant's counsel argues that Ms. Geer is an apex employee and that the Rule

8    30(b)(6) depositions should go forward first to determine if there is a basis to depose her.

9    According to Defendant's counsel, the whole point of a Rule 30(b)(6) deposition is to put the

10   burden on the corporate entity to provide those persons with actual knowledge and to discover if

11   others have knowledge.

12           Having carefully considered the parties' arguments, both as outlined in the joint

13   statement and at the hearing by counsel, the Court finds Defendant's argument to be persuasive.

14   Allowing Ms. Geer's deposition based solely her signature appearing on a form letter would

15   result in undue burden and expense for the reasons noted by Defendant.  The Court will grant

16   Defendant's motion and issue a protective order as to Ms. Geer.

17                   2.       <u>Valerie Usher</u>

18           The parties' contentions relating to Ms. Usher are set forth in the joint statement at

19   pages 28-30.  <u>See</u> ECF No. 27.  As with Ms. Geer, Plaintiff is interested in testimony from Ms.

20   Usher because her signature appears on form letters.  According to Defendant, Ms. Usher works

21   in the Client Services Department where she processes beneficiary changes and related form

22   letters bearing her signature as a matter of routine business practice.  Ms. Usher has also signed a

23   declaration to this effect.  <u>See</u> ECF No. 18.  Defendant contends, as with Ms. Geer, that allowing

24   Ms. Usher's deposition would be unduly burdensome and expensive to Primerica in terms of the

25   amount of time Ms. Usher would be required to devote to civil litigation.

26   / / /

27   / / /

28   / / /

1    At the hearing, Plaintiff's counsel argues that Plaintiff is seeking to find out about

2    policy claims handling and that, as a "managing agent," Ms. Usher's deposition should be

3    allowed.  Defense argues Ms. Usher is not a "managing agent," but that she is an employee in the

4    Client Services Department.  As with Ms. Geer, Defendant's counsel argued that Plaintiff will

5    learn at the Rule 30(b)(6) witness depositions that Ms. Usher had no direct involvement in the

6    handling of Plaintiff's husband's policy or Plaintiff's claim for insurance benefits under that

7    policy.  According to Defendant's counsel, Ms. Usher's name appears on a single form letter

8    generated upon a premium increase which happened as a matter of course pursuant to the terms of

9    the policy.

10    Again, the Court finds that Defendant's argument is persuasive.  The Court will

11    grant Defendant's motion and issue a protective order as to Ms. Usher.

12                    3.    Cheryl Talbert

13    The parties' contentions relating to Ms. Usher are set forth in the joint statement at

14    pages 31-37.  See ECF No. 27.  Plaintiff asserts that Ms. Talbert, who is Primerica's Vice

15    President of Claims, is "probably the most key witness in this case."  Id. at 31.  According to

16    Plaintiff, she is entitled to take Ms. Talbert's deposition because Defendant listed her in its Rule

17    26 disclosure.  Defendant simply notes that Ms. Talbert is currently unavailable because she is

18    taking earned vacation time.  Defendant further notes that Ms. Talbert will retire as of June 1,

19    2022, and that it cannot produce her once that happens.

20    At the hearing, Plaintiff's counsel argued that, as Primerica's Vice President of

21    Claims, she "must be deposed."  Defendant's counsel agreed and stated that the only issue is one

22    of scheduling.  Consistent with Defendant's position in the joint statement, Defendant's counsel

23    added that Primerica has no ability to produce Ms. Talbert after she retires, but that he would

24    accept a deposition subpoena on Ms. Talbert's behalf and facilitate the scheduling of her

25    deposition.

26    / / /

27    / / /

28    / / /

6

1    Defendant's position is axiomatic.  Plaintiff is free to seek to depose Ms. Talbert

2  by subpoena once she retires.  Given, however, the representations of defense counsel at the

3  hearing that the issue is one of scheduling only, that Defendant agrees Ms. Talbert's deposition is

4  appropriate, and that Defendant is willing to facilitate the scheduling of Ms. Talbert's post-

5  retirement deposition, the Court finds that there is no need for a protective order.  Defendant's

6  motion will be denied as to Ms. Talbert.

7    4.    Cheree Valego

8    The parties' contentions relating to Ms. Usher are set forth in the joint statement at

9  pages 37-40.  See ECF No. 27.  As with Ms. Talbert, Plaintiff states that she is entitled to take

10  Ms. Valego's deposition because Defendant listed her on its Rule 26 disclosure statement as a

11  witness with knowledge "regarding the payment of premiums for the policy, notices generated

12  and provided concerning the policy and lapse of the policy."  According to Defendant, when it

13  made its initial Rule 26 disclosure, it listed Ms. Valego intending that she would be its person

14  most knowledgeable.  Defendant states that it has since designated other more appropriate

15  witnesses and amended its Rule 26 disclosure to delete Ms. Valego as its person most

16  knowledgeable.  Counsel reiterated these arguments at the hearing.

17    As to Ms. Valego, the Court finds Plaintiff's argument to be persuasive.

18  Presuming Defendant's Rule 26 disclosure was made in good faith, the Court will also presume

19  that Ms. Valego has relevant knowledge as a Rule 30(b)(6) witness as disclosed.  Plaintiff is

20  permitted to take Ms. Valego's deposition.  Defendnat's motion for a protective order will be

21  denied as to Ms. Valego.

22

23    **III.  CONCLUSION**

24    In this Court's experience, discovery disputes can almost always be resolved

25  informally by way of courteous discussions conducted in good faith.  Formal discovery motions,

26  which require considerable expenditures of party and court resources, often arise in the context of

27  a breakdown of this process.  This seems to be the case here.  This Court has frequently expressed

28  its intolerance of anything less than the highest professional standards and does so again here.

1 Counsel are admonished to conduct themselves in this litigation in a manner consistent with the

2 Court's expectation, which has been made abundantly clear.

3      Accordingly, IT IS HEREBY ORDERED that:

4     1.  Plaintiff's motion for to compel, ECF No. 23, is denied.

5     2.  Defendant's motion for a protective order, ECF No. 25, is granted in part

6 and denied in part as follows:

7       a.  Ms. Geer and Ms. Usher – Defendant's motion for a
protective order is granted and a protective order is hereby issued
8 precluding the depositions of Ms. Geer and Ms. Usher.  This order is
issued without prejudice to Plaintiff seeking reconsideration following
9 completion of the upcoming scheduled depositions of Defendant's Rule
30(b)(6) witnesses.  Should Plaintiff's counsel file such a motion, counsel
10 is reminded of his duties and responsibilities under Rule 11 in doing so.

11       b.  Ms. Talbert – Defendant's motion for a protective order is
denied as to Ms. Talbert.  Counsel are directed to cooperate in the
12 scheduling of Ms. Talbert' s deposition by way of subpoena.

13       c.  Ms. Valego – Defendant's motion for a protective order is
denied as to Ms. Valego.
14

15     3.  Defendant's request for an award of reasonable expenses is denied without

16 prejudice.  The Court declines to make a finding in this regard at this time.  The Court will

17 monitor the parties' compliance with the foregoing orders.  The various representations made by

18 Defendant's counsel, which this Court has accepted as offered by a member of the bar will be of

19 particular interest.  If this Court determines that any representation has been offered in bad faith

20 or in an attempt to deceive, sanctions will be imposed.  In particular, if Plaintiff is required to

21 incur unnecessary expense to travel to Georgia to take the depositions of the Primerica witnesses

22 at issue here which Defendant opposes, not only will Defendant be subject to an order to pay

23 reasonable expenses, Defendant's counsel may also be required to pay reportable sanctions.

24

25 Dated:  May 26, 2022

26                  _____

27             DENNIS M. COTA
            UNITED STATES MAGISTRATE JUDGE

28