UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY DUNCAN,<br><br>         Plaintiff,<br><br>    v.<br><br>PRIMERICA LIFE INSURANCE COMPANY,<br><br>         Defendant. | No.  2:21-cv-01106-JAM-DMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

   This case concerns the sole beneficiary of a life insurance policy, Shirley Duncan ("Plaintiff") and the issue of whether she is entitled to the proceeds of her decedent husband's policy with Primerica Life Insurance Company ("Defendant"). As discussed below, this case also involves a legal issue of first impression involving statutory interpretation and unique circumstances and facts regarding a life insurance policy that had lapsed due to one non premium payment over nearly 25 years and a life insurance company that did not notify Plaintiff, as the sole beneficiary under the policy, of the payment lapse.

   The parties have filed cross motions for summary judgment on Plaintiff's complaint.  See Mot. for Partial Summary Judgment

("Duncan Mot."), ECF No. 38; Mot. for Summary Judgment ("Primerica Mot."), ECF No. 39.  Plaintiff asserts two claims for breach of contract and one claim for breach of the implied duty of good faith and fair dealing against Defendant for its denial of life insurance benefits following the death of her husband Larry Duncan ("Decedent").  See Compl., ECF. No. 1.

For the reasons set forth below, this Court GRANTS Plaintiff's motion on her breach of contract claim concerning the life insurance policy's death benefit and GRANTS Defendant's cross motion on Plaintiff's breach of contract claim concerning the insurance policy's Terminal Illness Accelerated Benefit ("TIAB") and Plaintiff's claim for breach of the implied duty of good faith and fair dealing.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff's late husband, Larry Duncan ("Decedent") obtained a life insurance policy with Defendant in 1995 and was the policy's sole owner.  Statement of Undisputed Material Facts ("Primerica UMF") No. 1-2, ECF No. 39.  The policy provided $300,000 in coverage for Decedent's life and a $100,000 rider to the policy for Plaintiff's life.  Id. No. 3.  The policy also included a TIAB Rider that would have advanced Decedent or his designee with 40% of the face value of the policy in the event Decedent applied for the TIAB in writing and submitted a physician statement diagnosing him with a terminal illness that would result in death in less than six months from the date of the physician statement.  Id. No. 56.

Plaintiff is, and at all times was, the sole beneficiary of Decedent's life insurance policy.  Statement of Undisputed Facts

("Duncan UMF") No. 6, ECF No. 38. Decedent's policy required the quarterly payment of premiums by Decedent. Primerica UMF No. 8. Prior to 2020, Decedent never missed a premium payment. On May 4, 2020, Defendant mailed Decedent a premium due notice for $4,637.24 covering the period of May 25, 2020 to August 25, 2020, due by May 25, 2020. Id. No. 30. About one month later, Primerica mailed Decedent a Notice of Potential Lapsed Policy ("lapse notice"), notifying him that the $4,637.24 payment was due by July 24, 2020 or else the policy would lapse. Id. No. 33. A couple of weeks later, Decedent paid the amount due ahead of the July 24, 2020 deadline. Id. No. 37. Defendant claims that it mailed Decedent a premium due notice for $5,747.06 covering the period of August 25, 2020 to November 25, 2020, due by August 25 and then sent Decedent a lapse notice on September 23, 2020 after Decedent failed to submit payment; Defendant informed Decedent payment was due by October 24, 2020 or his policy would lapse. Id. No. 38-40. Plaintiff contends that Defendant has failed to prove that this lapse notice was sent to Decedent. Response to Primerica UMF ("Duncan Response") No. 38-39, Opp'n, ECF No. 40. The Court disagrees.

No payment was made on the policy after Decedent's July 2020 payment of $4,637.42. Primerica UMF No. 45. Decedent was hospitalized on or about November 9, 2020 and died on December 20, 2020 of renal cancer. Id. No. 41, 47; Duncan UMF No. 17. At no time did Decedent make a claim for the TIAB; the claim for the TIAB was made for the first time by Plaintiff in this action. Duncan Response No. 57. Defendant has not been provided with a physician statement diagnosing Decedent with a

medical condition that would result in Decedent's death within six months. Primerica UMF No. 58. Defendant denied Plaintiff's claim for benefits from Decedent's policy due to the policy's lapse in October 2020. Id. No. 54. Defendant alleges that from 2013 to 2020, Defendant mailed Decedent notices of his right to designate a third party to receive a copy of lapse notices or to change any prior designation. Id. No. 51. Plaintiff claims that she never received these communications. Duncan Response No. 51-52.

Decedent did not designate any third-party to receive copies of lapse notices. Primerica UMF No. 53. Plaintiff did not open Decedent's mail or pay the family's bills at all for their entire marriage, including up to Decedent's death. Duncan UMF No. 17.

Plaintiff filed her complaint on June 22, 2021 asserting two claims for breach of contract and one claim for breach of the implied duty of good faith and fair dealing against Defendant. See Compl. A couple of months later, Defendant filed its answer. See Answer, ECF No. 7. On October 13, 2022, Plaintiff filed her motion for partial summary judgment seeking judgment on her two breach of contract claims. See Duncan Mot. Defendant filed a cross motion for summary judgment a couple of weeks later seeking judgment on all three claims. See Primerica Mot.

## II. OPINION

### A. Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of

material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248-49 (1986). If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987). The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

    B. Analysis

        1. Claim One: Breach of Contract (Terminal Illness Accelerated Benefit)

Plaintiff contends that she is at least entitled to Decedent's Terminal Illness Accelerated Benefit (TIAB), amounting to 40% of the face value of Decedent's life insurance policy ($120,000), on two grounds: (1) Decedent had a terminal illness while his life insurance policy was still in effect and Defendant cannot show that it was prejudiced by its lack of notice of his terminal illness; and (2) the TIAB coverage did not lapse because Defendant's policy form did not offer waiver of premium payments, in violation of California Insurance Code § 10295.14. Duncan Mot. at 17-20. As for her first argument, it is undisputed that Decedent had a terminal illness by June 2020 and that his policy was in force on that date. Id. at 17. Even though Defendant was

5

not notified of Decedent's terminal illness and Decedent did not formally apply for the TIAB, as required by Defendant's policy, Plaintiff relies on Lat v. Farmers New World Life Ins. Co to support her contention that her claim to the TIAB can only be denied if Defendant can establish that it was actually prejudiced by the lack of timely notice or proof of her claim. 29 Cal.App. 5th 191, 217 (2018); Duncan Mot. at 18. Plaintiff argues that Defendant cannot establish that it was prejudiced by the fact that Decedent did not notify it of his renal cancer, so Plaintiff is entitled to the TIAB. Duncan Mot. at 19. Also, Plaintiff claims that the TIAB coverage did not lapse because Defendant's TIAB policy did not discuss or offer waiver of premium payments, which is required under Insurance Code § 10295.14. Id. Plaintiff argues that this section must be applied retroactively to Decedent's policy. Id. Therefore, assuming Decedent's policy had included a waiver of premium payments due to terminal illness, Decedent's policy would not have lapsed due to a failure to pay past due premiums and Decedent would have been entitled to the TIAB. Id. at 19-20.

Defendant responds that Plaintiff's claim to the TIAB fails on multiple grounds. Defendant states that Plaintiff failed to- and cannot-meet several of the TIAB Rider's terms and conditions; it is not enough for Decedent to have simply passed within a short time after his diagnosis of renal cancer. Primerica Mot. at 26-27. Defendant argues that Plaintiff has failed to: (1) produce a physician statement diagnosing Decedent with a terminal illness that would result in death in less than six months while the policy was in effect; (2) show that Decedent

6

1 applied for and requested the TIAB, as required by the policy;
2 and (3) demonstrate that she is legally entitled to the TIAB as
3 the benefit is payable only to the policy owner (or their estate
4 upon death) or their designee. Id. at 27-29. Defendant further
5 argues that Plaintiff's reliance on Lat is misplaced because in
6 that case there was no dispute about whether the policy owner was
7 totally disabled within the meaning of the policy at issue; the
8 only issue was whether the insurer could deny the benefit due to
9 a failure to request it earlier. Id. at 28-29. In this case,
10 Defendant argues that the issue is whether Decedent qualified for
11 the TIAB at all because there is a genuine dispute about whether
12 his renal cancer constituted a terminal illness. Id. at 29.
13     The Court finds Defendant's argument persuasive. Summary
14 judgment is proper "if the pleadings, depositions, answers to
15 interrogatories, and admissions on file, together with
16 affidavits, if any, show that there is no genuine issue of
17 material fact and that the moving party is entitled to judgment
18 as a matter of law." Fed. R. Civ. P. 56(c). A cause of action
19 for breach of contract requires (1) a contract, (2) plaintiff's
20 performance or excuse for failure to perform, (3) defendant's
21 breach and, (4) damage to plaintiff resulting therefrom. Spinks
22 v. Equity Residential Briarwood Apartments, 171 Cal. App. 4th
23 1004, 1031 (2009). As Plaintiff points out, Defendant's TIAB
24 policy contains a "Conformity with State Statutes" section that
25 necessarily incorporates Insurance Code § 10295.14, namely its
26 requirement that a waiver of premium benefit be included as a
27 part of Decedent's TIAB policy. Duncan Mot. at 19. However,
28 even if the Court considers this inclusion and assumes that

7

Decedent's policy did not lapse, Plaintiff's claim must fail because there is no genuine issue of material fact regarding Plaintiff and Decedent's failure to comply with Defendant's TIAB policy.  In short, Plaintiff cannot establish the second element of her cause of action–Plaintiff's performance or excuse for her failure to perform.  It is undisputed that neither Plaintiff nor Decedent: (1) formally applied for Decedent's TIAB; or (2) submitted a physician's statement to Defendant certifying that Decedent suffered from a terminal illness that would result in death within six months with a reasonable degree of medical certainty.  Plaintiff and Decedent's undisputed failure to take these actions bars recovery under this claim.  The Court also agrees with Defendant that Plaintiff's reliance on Lat is misplaced.  This case is distinguishable because (1) Plaintiff has failed to submit any notice or proof of Decedent's claim to the TIAB to Defendant outside of her pleadings in this case, as opposed to the late submission in Lat and (2) there is a genuine dispute over whether Decedent's condition qualified for the policy benefit at issue.  In the absence of a genuine issue of material fact regarding whether Defendant breached its contract with Decedent regarding the TIAB, the Court finds that a breach has not occurred and Defendant is entitled to summary judgment in its favor on this claim.

        2.    Claim Two: Breach of Contract (Death Benefit)

Plaintiff argues that she is entitled to Decedent's death benefit ($300,000) because Defendant failed to comply with Insurance Code §§ 10113.71 and 10113.72.  Duncan Mot. at 10, 15.  As for § 10113.71, Plaintiff claims that the code required

8

1  Defendant to send a lapse notice addressed specifically to her,
2  and not just one to Decedent; Plaintiff claims that, as the sole
3  beneficiary of Decedent's policy, she qualifies as a "person
4  having an interest in the individual life insurance policy" under
5  § 10113.71(b)(1). Id. at 12-13. Plaintiff relies on Bentley v.
6  United of Omaha Life and Moriarty v. American General Life
7  Insurance Company to support her contention that she was entitled
8  to a lapse notice addressed specifically to her, otherwise
9  Decedent's policy could not have lapsed due to non-payment of his
10 premiums. 371 F. Supp. 3d723,739-40 (C.D. Cal. 2019); 3:17-cv-
11 1709-BTM-WVG, at *7 (S.D. Cal. July 26, 2022). It is undisputed
12 that she did not receive any notice from Defendant. Duncan Mot.
13 at 15. Plaintiff also argues that Defendant failed to comply
14 with § 10113.72 by not sending a designation form to Decedent
15 that would have allowed him to select a third-party to receive
16 lapse notices in addition to Decedent. Id. at 15. At most,
17 Defendant simply sent Decedent a document with a link to a
18 website and phone number, through which he could submit third-
19 party information; but Plaintiff contends that this does not
20 comply with § 10113.72's requirements and that Defendant has
21 failed to prove that it even sent this letter to Decedent at all.
22 Id. at 15-17. Plaintiff also claims that this document was not
23 sent by first-class mail. Id. at 17.
24    Defendant responds that it did not commit a breach of
25 contract by denying Plaintiff's claim to Decedent's death benefit
26 because Decedent's policy lapsed prior to his death. Primerica
27 Mot. at 9. Defendant claims it is undisputed that:
28 (1) Decedent's last payment on the policy was July 15, 2020,

covering the period of May 25 to August 25, 2020; (2) Decedent did not make payment on the premium covering the period of August 25 to November 25, 2020; and (3) the policy was set to lapse on October 24, 2020. Id. at 9-10. Defendant argues that it was not required to send a lapse notice to Plaintiff and distinguishes the cases cited by Plaintiff. Id. at 11-12. Defendant asserts that those cases involved insurance companies that incurred liability because they did not mail lapse notices to the policy owner or their designee (selected pursuant to § 10113.72); neither case affirmatively held that one's status as a policy beneficiary entitles them to receive lapse notices. Id. at 12-16. Therefore, Defendant did not violate § 10113.71 by not sending a lapse notice to Plaintiff. Id. at 16.

As for § 10113.72, Defendant argues that the duty under subsection (a) to send a designation form is inapplicable because it only applies to policy applicants, not those with existing policies like Decedent; under the code, Defendant was simply required to send Decedent annual notice of his right to designate a third-party to receive lapse notices or change an existing designation. Id. at 16. Defendant argues that it complied with the code and sent these notices (along with its final lapse notice to Decedent only on September 23, 2020) and that Plaintiff's alleged lack of knowledge about whether Decedent received these mailings does not create a triable issue of fact, particularly considering the undisputed facts and Plaintiff's admission that she never opened mailings addressed to Decedent. Id. at 19-20, 24-25.

The Court finds that there is no genuine dispute of material

10

1   fact regarding Plaintiff's breach of contract claim on Decedent's
2   death benefit and that Plaintiff is entitled to judgment in her
3   favor as a matter of law as Plaintiff qualifies under Insurance
4   Code § 10113.71 as a "person having an interest in the individual
5   life insurance policy."  A cause of action for breach of contract
6   requires (1) a contract, (2) plaintiff's performance or excuse
7   for failure to perform, (3) defendant's breach, and (4) damage to
8   plaintiff resulting therefrom.  Spinks, 171 Cal. App. at 1031.
9   When interpreting a statute, courts must "determine and give
10  effect to the [l]egislature's underlying purpose in enacting the
11  statutes at issue."  McHugh v. Protective Life Ins. Co., 12 Cal.
12  5th 213, 227 (2021).  The Court must first consider the express
13  terms of the statute then, if the terms are ambiguous, consider
14  extrinsic sources like the legislative history.  Id. (citing In
15  re H.W.,6 Cal.5th 1068, 1073 (2019)).  Insurance Code
16  § 10113.71(b)(1) states that a lapse notice must be sent to "the
17  named policy owner, a designee named pursuant to § 10113.72 for
18  an individual life insurance policy, and a known assignee or
19  other person having an interest in the individual life insurance
20  policy." (emphasis added). The Insurance Code provides no express
21  interpretation of who constitutes a person having an interest in
22  a policy and the parties offer conflicting interpretations, so
23  the Court must examine the legislative history of Insurance Code
24  § 10113.71. There is also no binding precedent involving the
25  interpretation of this statute to assist the Court here.
26      As the California Supreme Court noted in McHugh, the
27  legislative materials on Assembly Bill No. 1747 stated that the
28  purpose of the bill was to provide "consumer safeguards from

11

which people who have purchased life insurance coverage, especially seniors, would benefit." Id. at 241 (quoting Senate Insurance Com., Analysis of Assem. Bill No. 1747 (2011-2012 Reg. Sess.) as amended Apr. 26, 2012, at 2 [hereinafter Assembly Bill Analysis]). The legislative comments specifically reference assignees and creditors as examples of persons having an interest in the individual life insurance policy and leave open the possibility of other persons who would qualify under the statute. Assembly Bill Analysis at 3. The McHugh court further noted that the legislature intended for the code sections at issue to protect policy owners who spend years paying for life insurance policies "on which their loved ones depend." 12 Cal. 5th at 246. Plaintiff and Decedent clearly fall into this category of policy owners.

Defendant's reliance on Rosen v. Pac. Life Ins. Co. (a non-binding state court of appeals decision) is misplaced and unpersuasive because the court in that case declined to look beyond the express terms of § 10113.71 and its related provisions when the court narrowly interpreted the statute to deny the plaintiff's right to a lapse notice as the sole beneficiary of her decedent husband's life insurance policy. No. G053511, 2017 WL 4296655, at *2-3 (Cal. Ct. App. Sept. 28, 2017). The Rosen court construed the ambiguity of the statute's "other person having an interest" language without considering key extrinsic sources, namely the aforementioned legislative materials on AB 1747, which demonstrate that the legislative purpose behind the statute is directly applicable to Plaintiff's circumstances. The Court also finds that the Rosen court's claim that a finding

in favor of beneficiaries would unduly burden insurers in determining who should receive notice lacks merit; the technological advancements in client outreach and communication have advanced to such an extent that any alleged burden is slight and greatly outweighed by the need for adequate notice to persons having an interest in an insurance policy like Plaintiff. Rosen, No. G053511, 2017 WL 4296655 at *3; see United States v. Coca-Cola Bottling Co. of Los Angeles, 575 F.2d 222, 228 (9th Cir. 1978) (finding that federal courts can consider the public interest when exercising their inherent equitable powers to grant necessary relief in a particular case).

Decedent, a senior citizen, spent nearly 25 years timely paying Defendant premiums on his life insurance policy with the sole beneficiary being Plaintiff during this time. Neither party has alleged that Decedent assigned an interest in the policy to any other person or creditor, so it is undisputed that the only person with a cognizable interest in the policy for the entirety of its duration was Plaintiff; it is also undisputed that Plaintiff did not receive a lapse notice addressed specifically to her. Plaintiff's uninterrupted expectancy interest is sufficient to qualify her as a "person having an interest" in Decedent's policy, such that she should have received a lapse notice at least thirty days prior to the termination of Decedent's policy. See Life Ins. Co. of N. Am. v. Cassidy, 35 Cal. 3d 599, 605(1984) (stating that named beneficiaries of insurance policies have an expectancy interest in the policy). Absent a genuine issue of material fact regarding whether Plaintiff received a lapse notice from Defendant, the Court finds

13

1  that Defendant has violated § 10113.71 and breached its contract
2  with Decedent and Plaintiff, entitling Plaintiff to Decedent's
3  full death benefit as a matter of law.

        3.    <u>Claim Three: Breach of Implied Duty of Good Faith and Fair Dealing</u>

6  Defendant contends that Plaintiff's third claim must fail
7  because Plaintiff cannot succeed on either of her breach of
8  contract claims, which means that no benefits are due to her
9  under Decedent's policy.  Primerica Mot. at 29–30.
10 Alternatively, Defendant argues that this claim must fail because
11 Plaintiff cannot show that Defendant's denial of her claim was
12 unreasonable; there is a genuine dispute as to whether Decedent's
13 policy had lapsed.  <u>Id.</u> at 30–31.
14     Plaintiff concedes that her claim for breach of the implied
15 duty of good faith and fair dealing must be dismissed if the
16 Court finds that there was no breach of contract by Defendant.
17 Opp'n at 16.  However, Plaintiff claims that Defendant has
18 continuously failed to conduct a complete and thorough
19 investigation of Decedent's claim by: (1) not reaching out to
20 Plaintiff to investigate Decedent's circumstances; (2) not
21 examining Decedent's medical records; (3) not coordinating
22 between investigative staff due to Defendant's staff working
23 remotely; and (4) doing a limited review of Plaintiff's claim in
24 response to the Department of Insurance inquiry initiated by
25 Plaintiff.  <u>Id.</u> at 16–18.
26     The Court finds Defendant's argument persuasive.  To
27 establish a breach of the implied duty of good faith and fair
28 dealing, a plaintiff must show that: (1) benefits due under a

policy were withheld; and (2) the reason for withholding the benefits was unreasonable or without proper cause. Mosley v. Pac. Specialty Ins. Co., 49 Cal. App. 5th 417, 435 (2020). However, a bad faith claim "cannot be maintained unless policy benefits are due;" if there is no coverage "there can be no liability for bad faith on the part of the insurer." Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1153 (Ct. App. 1990); Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 408 (2000). Furthermore, the insured must show that the insurer's conduct was prompted by a conscious and deliberate act, as opposed to an honest mistake, bad judgment, or negligence; insurers that deny benefits incorrectly but reasonably are only liable for damages flowing from the underlying breach of contract. Mosley, 49 Cal. App. 5th at 436. In light of the Court's judgment in favor of Defendant on Plaintiff's TIAB claim, the Court finds that Defendant's denial of the TIAB was reasonable. The Court also finds that Plaintiff has failed to sufficiently demonstrate that Defendant's conduct regarding the death benefit rises to the level of a conscious and deliberate act such that Plaintiff would be entitled to damages beyond the $300,000 death benefit. Thus, the Court finds that Defendant is entitled to summary judgment in its favor on this claim.

III. ORDER

For the reasons set forth above, this Court GRANTS Defendant's motion for summary judgment on Plaintiff's TIAB breach of contract claim and Plaintiff's claim for breach of the implied duty of good faith and fair dealing and this Court GRANTS

15

Plaintiff's motion for summary judgment on her death benefit breach of contract claim.

IT IS SO ORDERED.

Dated: February 10, 2023

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE